JOHN S. LEONARDO
United States Attorney
District of Arizona

MONICA B. KLAPPER
Assistant U.S. Attorney
Arizona State Bar No. 013755
Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Monica.Klapper@usdoj.gov
Attorneys for Plaintiff



FILED ___  LODGED ✓
RECEIVED ___  COPY ___
NOV 17 2015
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>William Schwoerer,<br>True Name: William Ralph Schwoerer,<br>Defendant. | CR-15-01436-PHX-SPL<br><br>**PLEA AGREEMENT** |

The United States and William Schwoerer agree to dispose of this matter on the following terms and conditions:

**1. PLEA**

Defendant will plead guilty to the information, charging Defendant with one count of conspiracy, in violation of 18 U.S.C. § 371, a class D felony offense.

**2. MAXIMUM PENALTIES**

a.  A violation of 18 U.S.C. §371 is punishable by a maximum fine of $250,000, a maximum term of imprisonment of 5 years, or both, and a term of supervised release of 3 years. The maximum term of probation is 5 years.

b.  According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order Defendant to:

(1) make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be

appropriate;

    (2)  pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

    (3)  serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

    (4)  pay upon conviction a $100 special assessment for each count to which Defendant pleads guilty pursuant to 18 U.S.C. § 3013.

  c.  The Court is required to consider the Sentencing Guidelines in determining Defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime of conviction, unless there are stipulations to the contrary that the Court accepts.

**3.  AGREEMENTS REGARDING SENTENCING**

  a.  No Agreements. There are no agreements regarding the final sentence in the case. The parties are free to make any sentence recommendations to the Court they believe are appropriate.

  b.  Restitution. Pursuant to 18 U.S.C. § 3663 and/or 3663A, Defendant agrees to pay full restitution, not to exceed $473,088.40, to M&I Bank (now BMO Harris Bank), specifically for the property designated as 10 acres of vacant land in New River. The restitution order will be joint and several with any other defendant prosecuted for the same transaction.

  c.  Assets and Financial Responsibility. Defendant shall make a full accounting of all assets in which Defendant has any legal or equitable interest. Defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures). Defendant also expressly authorizes the United States

Attorney's Office to immediately obtain a credit report as to Defendant in order to evaluate Defendant's ability to satisfy any financial obligation imposed by the Court. Defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of Defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose. Finally, Defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

      d.    Acceptance of Responsibility. If Defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding Defendant's commission of the offense, and if Defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G.§ 3E1.1(a). If Defendant has an offense level of 16 or more, the United States will recommend an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

**4.    COOPERATION AGREEMENT**

      a.    Cooperation Required

          1.    If requested by the United States, Defendant shall meet with representatives of the United States at any reasonable time and place and, in such meetings, shall: (i) waive the Fifth Amendment privilege against self-incrimination; (ii) answer all questions asked about any topic whatsoever; and (iii) provide full and complete information about the topics discussed in each interview, if necessary by volunteering information about which no questions are asked.

          2.    If requested by the United States, Defendant shall deliver to the United States any documents and other items to which the defendant has access.

          3.    If requested by the United States, Defendant shall testify at any time and place and, when testifying, shall not invoke the Fifth Amendment privilege against

self-incrimination.

4. All information, evidence, and testimony provided by Defendant pursuant to this section, on any topic whatsoever, shall be truthful, honest, candid, and complete with no knowing and material omissions or false statements. Defendant shall not attempt to either protect or falsely implicate any person or entity through false information or omission.

5. The United States Attorney's Office for the District of Arizona shall not use directly against Defendant in any criminal proceeding (other than a criminal forfeiture proceeding) any evidence provided by Defendant pursuant to this agreement. Additionally, pursuant to Section 1B1.8 of the Sentencing Guidelines, the Court shall not use such evidence in determining Defendant's advisory Sentencing Guidelines range. For the avoidance of doubt, however, the United States may (i) make derivative use of evidence provided by Defendant pursuant to this Addendum, and (ii) use such evidence directly against Defendant in any criminal forfeiture proceeding and any administrative or civil proceeding.

6. Defendant shall work undercover only under the direct supervision of law enforcement officers and with the prior approval of the Court.

7. If Defendant discloses or reveals to any third party the fact that Defendant is cooperating, or the nature of any information that has been obtained by the United States, Defendant shall notify the United States as soon as possible of any such disclosures.

8. Defendant shall notify the United States as soon as possible of any interactions or contacts with any subject or target of any ongoing criminal investigation, any criminal defendant, or their respective counsel or associates.

9. Defendant shall not violate any local, state, federal or foreign laws.

b. Additional Agreements Regarding Sentencing

1. At the request of the United States, Defendant shall request sentencing be deferred for a period of 3 months. After such period, if the United States

wishes for Defendant's cooperation to continue, Defendant shall not oppose any motions to continue the sentencing.

   2. Prior to Defendant's sentencing, the United States shall in good faith consider moving the Court to depart downward from the Sentencing Guidelines, and if applicable impose a sentence below the level established by law as the minimum sentence, pursuant to Section 5K1.1 of the Sentencing Guidelines and 18 U.S.C. § 3553(e), respectively.

   3. At sentencing and any other appropriate time, the United States shall bring the nature and extent Defendant's cooperation to the attention of the Court and/or the Federal Bureau of Prisons.

  c. Breach of the Plea Agreement or Addendum

   1. If Defendant fails to comply with any of the obligations or promises set forth in the Plea Agreement or this Addendum, the United States may:

    (1) in its sole and absolute discretion, declare any provision of the Plea Agreement and this Addendum null and void, without giving Defendant any right or option to withdraw from the Plea Agreement or the plea of guilty;

    (2) recommend any sentence, up to and including the statutory maximum sentence;

    (3) prosecute Defendant, or reinstitute prosecution of Defendant, for any and all crimes committed by Defendant, notwithstanding the Statute of Limitations, the Speedy Trial Act, and any constitutional restrictions in bringing later proceedings;

    (4) use in any manner, and in any proceeding, any evidence provided by Defendant before or after execution of this Addendum; and

    (5) advise the Bureau of Prisons that Defendant is no longer a cooperating witness, and recommend re-designation of the Defendant to a higher custodial level.

   2. If there is a dispute regarding the obligations of the parties under this

agreement, the United States District Court shall determine whether the United States or Defendant has failed to comply with this agreement including whether Defendant has been truthful.

**5.     AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

    a.     This office shall not prosecute Defendant for any offenses committed by Defendant, and known by the United States, in connection with the activity set forth in the indictment.

    b.     This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

**6.     COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

    a.     If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give Defendant the opportunity to withdraw the guilty plea in accordance with Federal Rule of Criminal Procedure 11(c)(5).

    b.     If Defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute Defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, Defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. Defendant understands that any statements made at the time of Defendant's change of plea or sentencing may be used against Defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Federal Rule of Evidence 410.

**7.     WAIVER OF DEFENSES AND APPEAL RIGHTS**

    Defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that Defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ

or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against Defendant, or any aspect of Defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion Defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

**8.   DISCLOSURE OF INFORMATION**

a.   The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

b.   Any information, statements, documents, and evidence that Defendant provides to the United States pursuant to this agreement may be used against Defendant at any time.

c.   Defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(6)   criminal convictions, history of drug abuse, and mental illness; and

(7)   financial information, including present financial assets or liabilities that relate to the ability of Defendant to pay a fine or restitution.

**9.   FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

Nothing in this agreement shall be construed to protect Defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due

immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property Defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule). If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

**10.    ELEMENTS**

### Conspiracy, 18 U.S.C. § 371

Between about January 1 of 2006 and April 30 of 2011, in the District of Arizona:

1. An agreement existed between two or more people to commit the crime of bank fraud, in violation of 18 U.S.C. § 1344;

2. Defendant became a member of the conspiracy knowing at least one of its objectives; and

3. One of the members of the conspiracy performed at least one overt act for purposes of carrying out the conspiracy.

### Bank Fraud

Between about January 1 of 2006 and April 30 of 2011, in the District of Arizona:

1. Defendant and others devised and carried out a scheme or plan for obtaining money or property from a financial institution by means of false pretenses, promises or statements;

2. Defendant knew the pretenses, promises or statements were false;

3. The pretenses, promises or statements were material; that is, they would reasonably influence, or were capable of influencing, a financial institution to part with money or property;

4. Defendant acted with the intent to defraud; and

5. The scheme or artifice to defraud was committed against a financial institution with accounts insured by the FDIC.

11.  **FACTUAL BASIS**

Defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

From at least 2006 through April of 2011, I was a residential developer and builder in the Phoenix area, operating through my company, Cordel Contracting Corporation. I was married to C.S., and I directed her to form a company called Apex Financial, LLC. In 2010, I knowingly and intentionally conspired and schemed with others to commit fraud in relation to the short sales of two properties.

The first concerned 10 acres of vacant land located in New River. I assisted Bryce E., my brother-in-law and friend, in purchasing the property for $800,000 in August of 2006. I provided a down payment of $250,000 and some of the monthly mortgage payments. After the real estate market downturn, I arranged for a short sale of the property to my wife, C.S., for approximately $48,000 on August 20, 2010. As part of the short sale transaction, Bryce E. signed a statement attesting to lender M&I Bank (now BMO Harris Bank) that there was no "personal, family or business relationships between the buyer and seller," when in fact there was a personal and family relationship between the buyer and seller. I instructed Bryce E. not to correct that false statement. I am aware that, as a result of this transaction, M&I Bank, FDIC-insured, lost $473,088.40. During this transaction, my real estate agent was Shelly B. of DPR Realty, who represented both the buyer and the seller and was aware of the relationships among the relevant parties.

The second short sale involved a residence located at 101 East Sabrosa in New River. I ostensibly sold that residence to LeeAnn E., mother of my brother-in-law and friend Bryce E., in August of 2009. In December of 2010, I attempted to arrange the short sale of the home to my wife, C.S., even though there was a family relationship among the parties. M&I Bank was alerted to the attempted fraud and instead took the property into foreclosure in April of 2011. I am aware that, as a result of this transaction, M&I Bank lost $336,257.50. During this attempted transaction, my real estate agent was

Shelly B. of DPR Realty, who represented both the buyer and the seller and was aware of the relationships among the relevant parties.

Defendant shall swear under oath to the accuracy of this statement and, if Defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in Defendant's testimony may subject Defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

## APPROVAL AND ACCEPTANCE OF THE DEFENDANT

I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my

probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

_11/17/15_
Date

William Schwoerer
Defendant

**APPROVAL OF DEFENSE COUNSEL**

I have discussed this case and the plea agreement with my client in detail and have advised Defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with Defendant. No assurances, promises, or representations have been given to me or to Defendant by the

- 11 -

United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

11/17/15
_____
Date

_____
Phil Noland
Attorney for Defendant

### APPROVAL OF THE UNITED STATES

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

JOHN S. LEONARDO
United States Attorney
District of Arizona

11-17-15
_____
Date

_____
MONICA B. KLAPPER
Assistant U.S. Attorney

### ACCEPTANCE BY THE COURT

_____
Date

_____
Honorable Steven P. Logan
United States District Judge