JOHN S. LEONARDO
United States Attorney
District of Arizona

MONICA B. KLAPPER
Assistant U.S. Attorney
Arizona State Bar No. 013755
Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona  85004
Telephone: 602-514-7500
Email: Monica.Klapper@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>William Ralph Schwoerer,<br><br>　　　　Defendant. | Case No. CR-15-01436-PHX-SPL<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>**(Sentencing: April 25, 2016, at 2pm)** |

The United States submits the following sentencing memorandum and requests this Court to accept the parties' plea agreement and impose the sentence recommended in the Presentence Investigation Report (PSR) of 3 years of probation with 8 months of home detention as a condition of probation.  The stipulated restitution of $473,088.40 has been paid in full to the victim lender, BMO Harris Bank.

**Memorandum of Points and Authorities**

**I.	Defendant's Criminal Conduct and Cooperation Plea Agreement**

By way of pre-indictment plea agreement, Defendant pleaded guilty to conspiracy to commit mail fraud, a class D felony offense.  Defendant, a licensed contractor, engaged in two fraudulent short sale transactions with the help of nominal owners and relatives, causing a net loss to the victim lender, BMO Harris Bank, of $473,088.40.  A representative of BMO Harris Bank has confirmed that, on April 15, 2016, Defendant

paid the full amount of restitution.

As part of his plea agreement, Defendant agreed to cooperate in the investigation of the real estate agent he used in these and other transactions. Defendant and his long-time significant other twice met with the case agent and/or undersigned counsel, and both provided credible and complete information for use in the investigation. Although formal action was not taken against the real estate agent, Defendant's efforts yielded important assistance in making that assessment.

## II.     Sentencing Recommendation

### A. Applicable Law

Following its decision in *United States v. Booker*, 543 U.S. 220 (2005), holding that the U.S. Sentencing Guidelines are advisory and not mandatory, the United States Supreme Court set forth a multi-step procedure this Court must follow in imposing sentence. First, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *United States v. Gall,* 552 U.S. 38, 49-50 (2007). Second,

> after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the [18 U.S.C.] § 3553 factors to determine whether they support the sentence requested by the party. . . . If [the judge] decides that an outside-Guidelines sentence is warranted, [the judge] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one.

*Id.* (citations omitted). And finally, "[a]fter settling on the appropriate sentence, [the judge] must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Id.*

A sentencing court that follows these procedures will be given great deference in substantively crafting a sentence and will be reviewed on appeal under an abuse of discretion standard only to determine whether the sentence imposed is "reasonable." *Id.*

at 51.  When conducting its review, the appellate court "may, but is not required to, apply a presumption of reasonableness" if the sentence imposed falls within the applicable Guidelines range.  *Id.*

Under the statutory sentencing factors set forth in 18 U.S.C. § 3553(a)(2), this Court must impose a sentence that is "sufficient, but not greater than necessary" to comply with the following purposes:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) directs the Court to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the statutory purposes noted above; (3) the kinds of sentences available; (4) the kinds of sentences and the sentencing range as set forth in the Sentencing Guidelines; (5) the Sentencing Guidelines policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense.

### B. A sentence of 3 years of probation with a condition of 8 months of home confinement is warranted.

The United States is in agreement with the offense level calculation in the PSR of 17, with a criminal history category of I, and a corresponding range of 24 to 30 months of imprisonment.  The United States is further in agreement with the recommended sentence in the PSR of 3 years of probation (that includes 8 months of home confinement) – either as a departure under U.S. Sentencing Guideline 5k1.1, a variance under 18 U.S.C. § 3553, or a combination of both.  Undersigned counsel has very recently conferred with the representative of the victim lender, and the lender would be "very satisfied" with the recommended sentence – given that Defendant will have felony conviction on his record and has paid restitution in full.

As set forth above, Defendant's efforts at providing assistance in the investigation

- 3 -

of the real estate agent were assessed as genuine, and those efforts did assist the United States in an accurate evaluation of the agent's conduct. Although no formal action was taken against the agent, Defendant's efforts are worthy of a downward departure.

The sentencing goals set forth in § 3553 also weigh in favor of a sentence that varies below the guidelines range. As set forth in the PSR, Defendant has no criminal history, provides for his significant other and their three young children, has strong family support and community ties, and is gainfully employed. Importantly, Defendant's remorse for his actions is assessed as sincere, as demonstrated by his payment of restitution to the victim lender. Under these circumstances, a felony conviction, restitution, and a period of probation with some home confinement are sufficient to satisfy the sentencing goals of recognizing the seriousness of the offense, promoting respect for the law, providing just punishment for the offense, and deterring similar criminal conduct.

Respectfully submitted this 19th day of April, 2016.

JOHN S. LEONARDO
United States Attorney
District of Arizona

*s/Monica B. Klapper*
MONICA B. KLAPPER
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on the above date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant: Phil Noland

*s/Amanda Pille*
U.S. Attorney's Office